FILED

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

~~Jacksonville~~ Division          2005 APR 14  P 12: 38

CLERK, US DISTRICT COURT
OF FLORIDA

### CIVIL RIGHTS COMPLAINT FORM

_Lee Paul Davis #109860_          CASE NUMBER: 3:05 cv-321-J-16HTS
(To be supplied by Clerk's Office)

_____

(Enter full name of each Plaintiff and prison
number, if applicable)

v.

_R. Solorzano MD_          Nurse Zack

_A. Henderson SRNS_

_Thomas  Nurse_

_Harring  Nurse_

(Enter full name of each Defendant. If
additional space is required, use the blank
area directly to the right).

_____ /

### ANSWER ALL OF THE FOLLOWING QUESTIONS:

I.    PLACE OF PRESENT CONFINEMENT: _Hamilton Correctional Institution_
(Indicate the name and location)

_11419 S.W. County Rd. 249; Jasper, FL. 32052_

II.   DOES YOUR COMPLAINT CONCERN EVENTS IN A STATE PRISON FACILITY WITHIN
THE FLORIDA DEPARTMENT OF CORRECTIONS? Yes (x) No (  )

[If your answer is YES, after reviewing the exhaustion requirements, answer the following
questions]

EXHAUSTION OF ADMINISTRATIVE REMEDIES: Pursuant to the Prison Litigation Reform Act or 1995, Title VIII, Section 803 Amendments to Civil Rights of Institutionalized Persons Act, exhaustion of administrative remedies is required in any action brought with respect to prison conditions under 42 U.S.C. § 1983, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility.  Any required grievances, appeals, and responses must be submitted to the Court to verify exhaustion.  (If your Complaint concerns conditions at state prison facilities, you must answer the following questions in Section II of this form.  If the Complaint concerns conditions at a county jail or local correctional facility, you must complete Section III of this form.)

EXHAUSTION STEPS ORDINARILY REQUIRED FOR COMPLAINTS ABOUT CONDITIONS AT STATE PRISON FACILITIES:

General Grievance

    1.  Informal Grievance (Form DC3-005)
    2.  Formal Grievance (Form DC1-303)
    3.  Appeal to the Office of Secretary (Form DC1-303)

Other Grievance

Inmates are not required to utilize the informal Grievance process in the case of an emergency grievance, a grievance of reprisal, a grievance of a sensitive nature, a grievance alleging violation of the Americans with Disabilities Act, a medical grievance, a grievance involving admissible reading material, a grievance involving gain time governed by rule 33-11.0065 Incentive Gain Time, or a grievance involving disciplinary action (does not include corrective consultations) governed by chapter 33-22.  The grievance steps are set forth in Fla. Admin. Code Chapter 33-29.

Questions:

A.    Emergency Grievance, Grievance of Reprisal, or Grievance of a Sensitive Nature, Grievance Alleging Violation of the American with Disabilities Act, Medical Grievance, Grievance, Grievance Involving Admissible Reading Material, Grievance Involving Gain Time Governed by Rule 33-11.0065 Incentive Gain Time, or Grievance Involving Disciplinary Action Governed by Chapter 33-22 (Request for Administrative Remedy or Appeal, bypassing the informal grievance step).

    1.  Did you submit an above-mentioned grievance to the Superintendent and/or to the office of Secretary (Form DC1-303)? Yes (  ) No (X)

    2.  If so, you must attach a copy of the grievance and response to this Complaint form.

    3.  Were you denied emergency status?  Yes (  ) No (X)

        a.  If so, did you go through the informal grievance, formal grievance and appeal process? Yes (  ) No (  )

        b.  If so, you must attach copies of the grievance/appeals and responses to this Complaint form.

B.    Informal Grievance (Request for Interview)

    1.   Did you submit an informal grievance (Form DC3-005)? Yes (X) No (  )

    2.   If so, you must attach a copy of the grievance and response to this Complaint form.

C.    <u>Formal Grievance</u> (Request for Administrative Remedy or Appeal)

    1.   Did you have a disciplinary hearing concerning this matter? Yes (  ) No (X)

    2.   If so, you must attach a copy of the disciplinary report and disciplinary committee's findings and decision to this Complaint form.

    3.   Did you submit a formal grievance (Form DC1-303)? Yes (X) No (  )

    4.   If so, you must attach a copy of the grievance and response to this Complaint form.

D.    <u>Appeal to the Office of the Secretary</u> (Request for Administrative Remedy or Appeal)

    1.   Did you submit an appeal to the Office of the Secretary (Form DC1-303)?
       Yes (X) No (  )

    2.   If so, you must attach a copy of the appeal and response to this Complaint form.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING ANSWERS TO THE QUESTIONS IN THIS SECTION ARE TRUE AND CORRECT.

Signed this _11_ day of ___April___, 2 _005_ .

_Lee Paul Dout_

Signature of Plaintiff

III.  DOES YOUR COMPLAINT CONCERN EVENTS IN A COUNTY JAIL OR LOCAL FACILITY? Yes ( ) No (X)

If your answer is YES, answer the following questions.

A.  Is there a grievance procedure at your institution or jail?  Yes ( ) No ( )

B.  Did you present the facts relating to your Complaint in the grievance procedure?  Yes ( ) No ( )

C.  If your answer is YES:

   1.  What steps did you take? _____

       _____

   2.  What were the results? _____

       _____

   3.  To demonstrate exhaustion, you must submit copies of all relevant grievances/appeals and responses.

D.  If your answer is NO, explain why not: _____

       _____

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING ANSWERS TO THE QUESTIONS IN THIS SECTION ARE TRUE AND CORRECT.

Signed this ___*11*___ day of ___*April*___, 2*005*___.

*Le~ Paul Oud*

Signature of Plaintiff

IV.   PREVIOUS LAWSUITS:

A.   Have you initiated other lawsuits in state court dealing with the same or similar facts involved in this action or otherwise relating to your imprisonment or conditions thereof? Yes ( ) No (X)

B.   Have you initiated other lawsuits in federal court dealing with the same or similar facts involved in this action or otherwise relating to your imprisonment or conditions thereof? Yes ( ) No (X)

C.   If your answer to either A or B is YES, describe each lawsuit in the space provided below. If there is more than one lawsuit, describe all additional lawsuits on a separate piece of paper, using the same format as below.

1.   Parties to previous lawsuit:

Plaintiff(s): _____

_____

Defendant(s): _____

_____

2.   Court (if federal court, name the district; if state court, name the county):

_____

3.   Docket Number: _____

4.   Name of judge: _____

5.   Briefly describe the facts and basis of the lawsuit: _____

_____

_____

6.   Disposition (Was the case dismissed? Was it appealed? Is it still pending?):

_____

_____

7.   Approximate filing date: _____

8.   Approximate disposition date: _____

D.   Have you initiated lawsuits or appeals from lawsuits in federal court that have been dismissed as frivolous, malicious or for failure to state a claim upon which relief may be granted? If so, identify theses suits below by providing the case number, the style, and the disposition of each case:

_____

_____

_____

_____

V.    PARTIES: In part A of this section, indicate your <u>full name</u> in the first blank and your full mailing address in the second blank. Do the same for each additional Plaintiff named in the Complaint (if any) in part B of this section:

A.  Name of Plaintiff: _Lee Paul Davis #109860_

Mailing address: _11419 S.W. County Rd. 249_

_____ _Jasper, FL 32052_

B.  Additional Plaintiffs: _____

_____

_____

In part C of this section, indicate the **full name** of the first named Defendant. Also, fill in his or her mailing address, position, and where he or she is employed. For any additional Defendants, use parts D through G of this section for the names, addresses, positions and places of employment:

C.  Defendant:        _R. Solorzano M.D._

Mailing Address:  _11419 S.W. County Rd. 249_

_____ _Jasper, FL 32052_

Position:          _Doctor_

Employed at:       _Hamilton Correctional Institution (Annex)_

D.  Defendant:        _A. Henderson_                    .

Mailing Address:  _11419 S.W. County Rd. 249_

_____ _Jasper, FL 32052_

Position:          _Nurse_

Employed at:       _H.C.I. Annex_

E.  Defendant: _____Thomas_____

Mailing Address: _11419 S.W. County Rd. 249_____

_____Jasper, FL 32052_____

Position: _____Nurse_____

Employed at: _H.C.I. Annex_____

F.  Defendant: _____Harring_____

Mailing Address: _11419 S.W. County Rd. 249_____

_____Jasper, FL 32052_____

Position: _____Nurse_____

Employed at: _H.C.I. Annex_____

G.  Defendant: _____Zack_____

Mailing Address: _11419 S.W. County Rd. 249_____

_____Jasper, FL 32052_____

Position: _____Nurse_____

Employed at: _H.C.I. Annex_____

VI.   STATEMENT OF CLAIM:  State what rights under the Constitution, laws, or treaties of the United States have been violated, and be specific.  If you intend to allege a number of related claims, set forth each claim in a separate paragraph.  Any claim that is not related to the same basic incident or issue must be addressed in a separate Civil Rights Form.

The Eighth Amendment of the Constitution is being violated, specifically the "cruel and unusual punishment" provision as it relates to medical care by the 'unnecessary and wanton infliction of pain'.

VII.   STATEMENT OF FACTS:  State as briefly as possible the FACTS of your case. Describe how each defendant was involved.  **Do not make any legal arguments or cite any cases or statutes.**  State with as much specificity as possible the facts in the following manner:

1.   Name and position of person(s) involved.
2.   Date(s).
3.   Place(s).
4.   Fact(s) or event(s) giving rise to your claim, including involvement of each defendant.
5.   Nature and extent of injury (*i.e.*, physical injury or how you were harmed by the acts of the defendant(s)).

Doctor R. Solorzano, Nurse Henderson, Nurse Thomas, Nurse Harring and Nurse Zack, of the medical staff here at Hamilton Correctional Institution Annex – Medical Department building, have denied me proper medical treatment and proper medical access by referral to see a podiatrist in order to receive proper care.

The medical staff here at H.C.I. Annex are not qualified as specialists of the feet and since I began experiencing pain and explained my medical background

Statement of Facts, continued:

to Dr. R. Solorzano at a sick call appointment on 2-23-04, followed by numerous requests and sick calls, I have been repeatedly told that I do not meet their criteria for them to purchase corrective shoes for my deformity. I have needed corrective shoes since my accident at the age of 12 years old and have had corrective shoes to compensate for my deformity ever since. The shoes I have now were issued to me on 10-28-02 and are in dire need of repair or replacement because they no longer are in shape to compensate for my problems. I am being blocked by the Nursing staff from seeing a doctor and am still being denied a referral to see a podiatrist by Dr. R. Solorzano.

My lower back is beginning to ache and my feet are in constant pain whenever I have to walk or stand on them. I am at a loss as to finding relief from my ailments and have been constantly disappointed by the lack of concern of the medical staff after each and every sick call I am having to endure.

DC 225 (Rev. 9/03)

VIII.   RELIEF REQUESTED:   State briefly what you want the Court to do for you.  Again, do not make any legal arguments or cite any cases or statutes.

Notify the Dept. of Corr.'s Medical staff at Hamilton C.I. Annex of their violations and convince them to refer me to a podiatrist so that I may procure confirmation of my deformity in order to meet their criteria in regards to the issuance of corrective shoes; thereby relieving me of this constant pain.

**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.**

Signed this ___11___ day of ___April___, 2 __005__ .

Lee Paul Davis 108860

_____

_____

_____

(Signatures of all Plaintiffs)

DC 225 (Rev. 9/03)

10

RECEIVED

DEC 2 2 2004

H22051

**STATE OF FLORIDA**
**DEPARTMENT OF CORRECTIONS**
**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

TO:  ☐ Superintendent   ☐ Assistant Superintendent   ☒ Secretary, Florida Department of Corrections

FROM: _DAVIS LEE P_____  _109860_  _Hamilton Annex_
Last Name, First, Middle Initial       Number       Institution

---

PART A – INMATE GRIEVANCE            04-6-37690

I Appeal this grievance in good faith in accordance to Rule 33-29.
006(8) and 33-29.007

I have visited sick call on numerous occasion Regarding deformity's
in my feet. Initially, my referral to a podiatrist was approved by Dr. Batone,
because of my chronic foot pain. Subsequently, Dr. Jobzono denied the referral
who is not a specialist to determine that he should not see a podiatrist.

Therefore, I Request to be rescheduled to be exame by a podiatrist to be
determine whether or not I qualify to be issued a corrective pair of shoe.

_12-17-04_           _Copy retained_         _Lee Paul Davis 109860_
Date                                         Signature of Grievant and D.C.#

*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS: ___/___
                                                                          #        Signature

---

PART B – RESPONSE

# SEE ATTACHED
# RESPONSE

Signature and Typed or          Signature of Superintendent,          1/19/05
Printed Name                    Assistant Superintendent, or          Date
of Employee Responding          Secretary's Representative

ORIGINAL: TO BE RETURNED TO GRIEVANT AFTER COMPLETION OF ACTION.

TEAR ON PERFORATION

FILED COPIED
WITH AGENCY CLERK

JAN 2 5 2005

Department of Corrections
Bureau of Inmate Grievance Appeals

**Part B Response**

| Davis, Lee | 109860 | 04-637690 |
|---|---|---|
| INMATE | NUMBER | GRIEVANCE LOG NUMBER |

Appeal Denied:

Your request for administrative remedy was received at this office and it was carefully evaluated. Records available to this office were also reviewed.

It is determined that the response made to you by Dr. Solorzano on 12/10/04 appropriately addresses the issues you presented.

It is the responsibilities of your Chief Health Officer to determine the appropriate treatment regimen for the condition you are experiencing.

Specialty consults and special shoes are ordered by your Chief Health Officer when in his/her judgment a medial need is presented.

You are encouraged to cooperate with your dedicated healthcare staff by following the treatment regimen prescribed.

Should you experience problems, sick call is available so that you may present your concerns to your health care staff.

**CONFIDENTIAL**
THIS DOCUMENT MAY CONTAIN CONFIDENTIAL HEALTH RECORD/CARE INFORMATION INTENEDED FOR THIS ADDRESSEE ONLY.  UNAUTHORIZED RELEASE OR DISCLOSURE MAY VIOLATE STATE AND FEDERAL LAW

Pilar Gudino, IISC

| | | |
|---|---|---|
| SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | SIGNATURE OF WARDEN, ASST. WARDEN OR SECRETARY'S REPRESENTATIVE | DATE |

STATE OF FLORIDA
DEPARTMENT OF CORRECTIONS

REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL

TO: ☒ Warden      ☐ Assistant Warden      ☐ Secretary, Florida Department of Corrections

From.. _DAVIS_    _LEE_    _P_              _109860_         _HAMILTON_
       Last    First    Middle Initial          Number              Institution

---

### Part A – Inmate Grievance

This grievance is filed in good faith in accordance to the Eighth Amendment Deliberate Indifference Standard that I believe is currently being violated and causing me unnecessary suffering.

Dr. Ratane's approval of a referral for me to see a podiatrist, (in order to determine the severity status regarding the pain and swelling of my feet and subsequently a perscription of a pair of corrective shoes which are needed to alleviate this problem,) was denied by Dr. Solazar, whom does not specialize in podiatry.

In 1976, the US Supreme Court established the standard used by lower federal courts to review claims by prisoners of denial of medical care.

_11-20-04_
DATE

_Lee Paul Davis 109860_
SIGNATURE OF GRIEVANT AND D.C. #

---

*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS:_____/_____

                                                    #        Signature

### PART B – RESPONSE

---

| | | |
|---|---|---|
| SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE | DATE |

ORIGINAL: TO BE RETURNED TO GRIEVANT AFTER COMPLETION OF ACTION

PART B - RESPONSE

| DAVIS, LEE | | 109860 | 0412-215-017 |
|---|---|---|---|
| | INMATE | NUMBER | GRIEVANCE LOG NUMBER |

Your formal grievance has been received and evaluated. There was no indication for a podiatry consult at that time.  If you continue to have a medical problem, you may exercise your option for sick call. Based on this information, your grievance has been denied.

You may appeal this decision by submitting a DC1-303 to Ms. Celeste Kemp, Inmate Grievance Administrator, Department of Corrections, 2601 Blair Stone Road, Tallahassee, FL 32399-2500, within fifteen days following this decision.

R. SOLORZANO, MD, CHO
HAMILTON CI

| SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | SIGNATURE OF WARDEN/ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE | 12/10/04 DATE |
|---|---|---|

COPY DISTRIBUTION -INSTITUTION / FACILITY

(2 Copies) Inmate

(1 Copy) Inmate's File

(1 Copy) Retained by Official Responding

COPY DISTRIBUTION - CENTRAL OFFICE

(1 Copy) Inmate

(1 Copy) Inmate's File - Inst./Facility

(1 Copy) C.O. Inmate File

(1 Copy) Retained by Official Responding

STATE OF FLORIDA,
DEPARTMENT OF CORRECTIONS.

REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL

TO: ☒ Warden    ☐ Assistant Warden    ☐ Secretary, Florida Department of Corrections

From.. __DAVIS  LEE  P__     __105866__     __Hamilton__

   Last     First   Middle Initial     Number       Institution

---

**Part A – Inmate Grievance**

This grievance is filed in good faith in accordance to the Eighth Amendment Deliberate Indifference Standard that I believe is currently being violated and causing me unnecessary suffering.

Dr. Batane's approval of a referral for me to see a podiatrist, (in order to determine the severity status regarding the pain and swelling of my feet and subsequently a perscription of a pair of corrective shoes which are needed to alleviate this problem,) was denied by Dr. Solazar, whom does not specialize in podiatry.

In 1976, the US Supreme Court established the Standard used by lower federal courts to review claims by prisoners of denial of medical care.

__11-10-c4__                                    __Lee Davis    T. 1660__
    DATE                              SIGNATURE OF GRIEVANT AND D.C. #

---

**\*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS:** ___/___

|  | # | Signature |
|---|---|---|

PART B – RESPONSE

      12 1.0

      CU 1515017

      4/16 d

---

| SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE | DATE |
|---|---|---|

ORIGINAL: TO BE RETURNED TO GRIEVANT AFTER COMPLETION OF ACTION.

**PART B - RESPONSE**

DAVIS, LEE                                        109860              0412-215-017
_____   _____   _____
          INMATE                                  NUMBER            GRIEVANCE LOG NUMBER

Your formal grievance has been received and evaluated. There was no indication for a podiatry consult at that time.  If you continue to have a medical problem, you may exercise your option for sick call. Based on this information, your grievance has been denied.

You may appeal this decision by submitting a DC1-303 to Ms. Celeste Kemp, Inmate Grievance Administrator, Department of Corrections, 2601 Blair Stone Road, Tallahassee, FL  32399-2500, within fifteen days following this decision.

R. SOLORZANO, MD, CHO
HAMILTON CI
_____          _____          _____
SIGNATURE AND TYPED OR PRINTED NAME       SIGNATURE OF WARDEN, ASST. WARDEN, OR          DATE   12/10/04
OF EMPLOYEE RESPONDING                     SECRETARY'S REPRESENTATIVE

COPY DISTRIBUTION -INSTITUTION / FACILITY          COPY DISTRIBUTION - CENTRAL OFFICE

(2 Copies) Inmate                                  (1 Copy) Inmate
(1 Copy) Inmate's File                             (1 Copy) Inmate's File - Inst./Facility
(1 Copy) Retained by Official Responding           (1 Copy) C.O. Inmate File
                                                   (1 Copy) Retained by Official Responding