```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        JACKSONVILLE DIVISION
```

LEE PAUL DAVIS,

        Plaintiff,

v.                            Case No. 3:05-cv-321-J-16HTS

R. SOLORZANO, et al.,

        Defendants.

_____

## ORDER

Plaintiff, an inmate of the Florida penal system proceeding *pro se*, initiated this action by filing a Civil Rights Complaint Form (Doc. #1) (hereinafter Complaint) on April 14, 2005. He names the following Defendants in this action: (1) R. Solorzano, a doctor at Hamilton Correctional Institution (hereinafter HCI); (2) Nurse A. Henderson; (3) Nurse Thomas; (4) Nurse Harring; and, (5) Nurse Zack.

In his Complaint, Plaintiff asserts that the Defendants have denied him proper medical treatment by failing to refer him to a podiatrist. Plaintiff alleges that he had an accident when he was twelve years old and he has "had corrective shoes to compensate for [his] deformity ever since." Complaint at 9. The shoes he has now were issued to him on October 28, 2002 "and are in dire need of repair or replacement[.]" He contends that he is "being blocked" by the nursing staff from seeing a doctor and "being denied a referral to see a podiatrist by Dr. R. Solorzano." Id. Plaintiff

claims that his back aches and that his feet are in constant pain whenever he stands or walks.

On April 26, 1996, the President signed into law the Prison Litigation Reform Act (hereinafter PLRA), which amended The Civil Rights of Institutionalized Persons Act to read as follows:

> (a) Applicability of Administrative Remedies. No action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

In discussing 42 U.S.C. § 1997e, the Eleventh Circuit stated the following:

> We have recognized that "[t]he plain language of th[is] statute makes exhaustion a precondition to filing an action in federal court." *Higginbottom v. Carter*, 223 F.3d 1259, 1261 (11th Cir. 2000) (per curiam) (quoting *Freeman v. Francis*, 196 F.3d 641, 643-44 (6th Cir. 1999)). This means that "until such administrative remedies as are available are exhausted," a prisoner is precluded from filing suit in federal court. *See id.* (affirming dismissal of prisoner's civil rights suit for failure to satisfy the mandatory exhaustion requirements of the PLRA); *Harris v. Garner*, 190 F.3d 1279, 1286 (11th Cir. 1999) ("reaffirm[ing] that section 1997e(a) imposes a mandatory requirement on prisoners seeking judicial relief to exhaust their administrative remedies" before filing suit in federal court), *modified on other grounds*, 216 F.3d 970 (11th Cir. 2000) (en banc); *Miller v. Tanner*, 196 F.3d 1190, 1193 (11th Cir. 1999) (holding that under the PLRA's amendments to § 1997e(a), "[a]n inmate incarcerated in a state prison . . . must first comply with the grievance procedures established by the state department of

> corrections before filing a federal lawsuit under section 1983"); *Harper v. Jenkin*, 179 F.3d 1311, 1312 (11th Cir. 1999) (per curiam) (affirming dismissal of prisoner's civil suit for failure to satisfy the mandatory exhaustion requirements of § 1997e(a)); *Alexander v. Hawk*, 159 F.3d 1321, 1328 (11th Cir. 1998) (affirming dismissal of prisoner's *Bivens* action under § 1997e(a) for failure to exhaust administrative remedies prior to filing suit in federal court).

*Leal v. Georgia Dep't of Corrections*, 254 F.3d 1276, 1279 (2001) (per curiam).

"Congress now has mandated exhaustion in section 1997e(a) and there is no longer discretion to waive the exhaustion requirement." *Alexander v. Hawk*, 159 F.3d 1321, 1325 (11th Cir. 1998); *see also Booth v. Churner*, 532 U.S. 731, 741 (2001) (finding that Congress has mandated exhaustion of administrative remedies, regardless of the relief offered through the administrative procedures).  In determining whether a plaintiff has exhausted his administrative remedies, a court does "not review the effectiveness of those remedies, but rather whether remedies were available and exhausted." *Miller v. Tanner*, 196 F.3d 1190, 1193 (11th Cir. 1999) (citing *Alexander*, 159 F.3d 1326).

> In *Alexander v. Hawk*, [the Eleventh Circuit] noted seven important policies favoring an exhaustion of remedies requirement:
>
> > (1) to avoid premature interruption of the administrative process; (2) to let the agency develop the necessary factual background upon which decisions should be based; (3) to permit the agency to exercise its discretion or apply its expertise; (4) to improve the efficiency of the administrative process; (5) to

3

>      conserve scarce judicial resources, since the complaining party may be successful in vindicating rights in the administrative process and the courts may never have to intervene; (6) to give the agency a chance to discover and correct its own errors; and (7) to avoid the possibility that "frequent and deliberate flouting of the administrative processes could weaken the effectiveness of an agency by encouraging people to ignore its procedures."
>
>      159 F.3d at 1327 (quoting *Kobleur v. Group Hospitalization & Medical Services, Inc.*, 954 F.2d 705 (11th Cir. 1992)).  Each one of those policies is furthered by reading § 1997e(a) to require that a prisoner provide with his grievance all relevant information reasonably available to him.

*Brown v. Sikes*, 212 F.3d 1205, 1208 (11th Cir. 2000).

Thus, in *Brown*, the Eleventh Circuit held "that 42 U.S.C. § 1997e(a) requires a prisoner to provide in his administrative grievance as much relevant information about his claims, including the identity of those directly involved in the alleged deprivations, as the prisoner reasonably can provide.  It does not require him to provide information he cannot reasonably obtain[.]" *Id*. at 1210.

The Florida DOC provides a three-step grievance procedure. First, an inmate must normally file an informal grievance. *See* Chapter 33-103.005 of the Florida Administrative Code (hereinafter F.A.C.). If the issue is not resolved, the inmate must then file a formal grievance at the institutional level. *See* Chapter 33-103.006, F.A.C. If the matter is not resolved at the institutional level, the inmate must file an appeal to the Office of the

4

Secretary of the Florida Department of Corrections.  *See* Chapter 33-103.007, F.A.C.

Thus, this Court must determine whether Plaintiff presented sufficient relevant information with respect to each of his claims against each Defendant in the above-described manner.  Upon review of the grievances submitted by Plaintiff, it is clear that he did not exhaust any claims against Defendants Henderson, Thomas, Harring and Zack.[1]  Accordingly, these four Defendants will be dismissed since Plaintiff failed to exhaust any claims against them.

Therefore, it is now

1.   Defendants Henderson, Thomas, Harring and Zack are **DISMISSED** from this action.  Judgment to that effect will be withheld pending adjudication of the action as a whole.  See Fed. R. Civ. P. 54.

2.   Plaintiff, within **THIRTY (30) DAYS** from the date of this Order, shall provide the Court with one copy of his Complaint for service of process upon Defendant Solorzano.  Failure to do so will result in the dismissal of this action without further notice.

3.   Plaintiff, within **THIRTY (30) DAYS** from the date of this Order, shall provide the Court with a copy the informal grievance he submitted regarding this matter and Dr. Solorzano's December 10,

---

[1] Copies of Plaintiff's formal grievance and appeal to the Office of the Secretary are appended to the Complaint. Plaintiff failed to provide the Court with a copy of his informal grievance. Defendant Solorzano is the only Defendant named in Plaintiff's formal grievance and appeal. Even if Plaintiff named the other four Defendants in his informal grievance, his claims against them would not be exhausted since they were not named in the formal grievance and appeal.

2004, response to that grievance.  Failure to do so will result in the dismissal of this action without further notice

4.   Plaintiff's Application to Proceed Without Prepayment of Fees and Affidavit (Doc. #2), filed April 14, 2005, is **GRANTED** to the extent that the case may proceed without the prepayment of the filing fee.

5.   Because Plaintiff has less than a $10.00 balance in his prison trust fund account, the Court will not require Plaintiff to pay an initial partial filing fee as provided in 28 U.S.C. § 1915(b)(1)(A).  However, Plaintiff is hereby assessed the total $250.00 filing fee in this case.

6.   As funds become available in Plaintiff's prison account, he shall be required to make monthly payments of twenty percent of the preceding month's income (that is, all funds deposited into the account) credited to the account.  Upon receipt of this Order, the agency having custody of Plaintiff shall forward payments from Plaintiff's account on a monthly basis to the Clerk of Court each time the amount in the account exceeds $10.00.  These payments shall continue until the filing fee of $250.00 is paid in full.  The following information shall either be included on the face of the check from the penal institution, cashier's check, or money order or attached thereto: (1) the full name of the prisoner; (2) the prisoner's inmate number; and, (3) Middle District of Florida Case Number.  Checks or money orders which do not have this information will be returned to the penal institution.

    7.    Plaintiff is warned that he is ultimately responsible for payment of the filing fee if the agency with custody over him lapses in its duty to make payments on his behalf.  For this reason, if Plaintiff is transferred to another jail or correctional institution, Plaintiff should ensure that the new institution is informed about this lawsuit and the required monthly payments as set out herein.  Plaintiff is advised to retain a copy of this Order for this purpose.

    8.    The **Clerk of Court** shall **MAIL** a copy of this Order to: Department of Corrections, 2601 Blair Stone Road, Tallahassee, FL 32399-2500, Attention: Susan Maher.

    **DONE AND ORDERED** at Jacksonville, Florida, this  21st   day of April, 2005.

JOHN H. MOORE II
United States District Judge

ps 4/18
c:
Lee Paul Davis