UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

LEE PAUL DAVIS,

        Plaintiff,

v.                      Case No. 3:05-cv-321-J-16HTS

R. SOLORZANO,

        Defendant.

## ORDER

This cause is before the Court on Plaintiff's September 6, 2005, request for a Temporary Emergency Injunction (Doc. #13), in which Plaintiff contends that he has been denied access to the courts. Specifically, he alleges that he was denied photocopying services on August 31, 2005, and again on September 1, 2005. He requests the following relief: (1) to be permitted to remain at Hamilton Correctional Institution Annex until the completion of the above-styled cause; (2) to prohibit Ms. Ashcroft, Mr. Hunt, Mr. Dialessi (the librarian at Plaintiff's institution) and Officer Corbin from "molest[ing]" his legal materials; (3) to require that his medical records or anything else that pertains to this case be photocopied; and, (4) to "not be in fear of being locked up for asking for the right to access the courts." Temporary Emergency Injunction (Doc. #13) at 8.

As an initial matter, the Court notes that Plaintiff filed this motion on toilet paper. Plaintiff does not allege that prison officials have refused to provide him with paper. In fact, an

affidavit appended to the motion was written on opaque, white paper, eight and one-half by eleven inches long. Thus, the motion should be stricken for Plaintiff's failure to comply with Local Rule 1.05(a) (requiring all pleadings to "be on opaque, unglazed, white paper eight and one-half inches wide by eleven inches long").[1]

Even if this pleading had been filed in accordance with Local Rule 1.05(a), it is clear that Plaintiff has failed to comply with the strictures of Fed. R. Civ. P. 65 and Local Rule 4.05. Further, Plaintiff has failed to set forth facts on which the Court can make a reasoned determination as to the amount of security which must be posted pursuant to Rule 65(c), Fed. R. Civ. P., and to submit a proposed form of temporary restraining order prepared in strict accordance with the requirements contained in Rule 65(b) and (d), Fed. R. Civ. P.

Plaintiff's request for injunctive relief is due to be denied for the above-mentioned reasons. However, even assuming arguendo that Plaintiff properly filed his request for injunctive relief, the request for injunctive relief is due to be denied for the following reasons. Of course, "[to] support a preliminary injunction, a district court need not find that the evidence positively guarantees a final verdict in plaintiff's favor." Levi

---

[1] Any pleading submitted by Plaintiff in the future that is not in compliance with Local Rule 1.05(a) will be stricken and returned to Plaintiff. Additionally, the motion before this Court does not contain a certificate of service, stating the date Plaintiff mailed a copy thereof to counsel for Defendant. In the future, any pleading submitted by Plaintiff that does not contain such a certificate of service will also be stricken.

<u>Strauss & Co. v. Sunrise Intern. Trading Inc.</u>, 51 F.3d 982, 985 (11th Cir. 1995). Instead, as the Eleventh Circuit has stated, the district court must determine whether four prerequisites for extraordinary relief have been established by the evidence:

> A TRO or preliminary injunction is appropriate where the movant demonstrates that:
> (a) there is a substantial likelihood of success on the merits;
> (b) the TRO or preliminary injunction is necessary to prevent irreparable injury;
> (c) the threatened injury outweighs the harm that the TRO or preliminary injunction would cause to the non-movant; and
> (d) the TRO or preliminary injunction would not be averse to the public interest.
> See <u>Zardui-Quintana v. Richard</u>, 768 F.2d 1213, 1216 (11th Cir. 1985).

<u>Parker v. State Bd. of Pardons & Paroles</u>, 275 F.3d 1032, 1034-35 (11th Cir.) (per curiam) (footnote omitted), <u>cert</u>. <u>denied</u>, 534 U.S. 1072 (2001). Furthermore, a preliminary injunction is an extraordinary and drastic remedy that should not be granted unless the movant clearly establishes the burden of persuasion as to all four prerequisites. See <u>McDonald's Corp. v. Robertson</u>, 147 F.3d 1301, 1306 (11th Cir. 1998).

Here, Plaintiff has not demonstrated that injunctive relief is necessary to prevent irreparable injury. The Eleventh Circuit has "emphasized on many occasions, the asserted irreparable injury 'must be neither remote nor speculative, but actual and imminent.'" <u>Siegel v. LePore</u>, 234 F.3d 1163, 1176-77 (11th Cir. 2000) (per curiam) (quoting <u>Northeastern Fla. Chapter of the Ass'n of Gen.</u>

Contractors v. City of Jacksonville, 896 F.2d 1283, 1285 (11th Cir. 1990)).

Additionally, Plaintiff is actually seeking an injunction against persons who are not parties to this action. The librarian and other correctional officers named in the motion are not Defendants in this action. Defendant Solorzano is the only remaining Defendant in this case, and the Complaint against the Defendant concerns Plaintiff's medical care. Thus, Plaintiff is attempting to seek an injunction in a matter lying outside of the issues and party of this suit. If Plaintiff wishes to file an access to courts claim against these other individuals, he must file a new complaint naming those individuals. He cannot seek relief against non-parties in this action. Clearly, that is what Plaintiff is attempting to do.

Further, the decision of where to confine a particular inmate is certainly within the broad discretionary authority of the prison officials:

> Generally, "[custodial] officials have broad administrative and discretionary authority over the institutions they manage and . . . incarcerated persons retain only a narrow range of protected liberty interests." Hewitt, 459 U.S. at 467, 103 S.Ct. at 869. Moreover, inmates usually possess no constitutional right to be housed at one prison over another. Meachum v. Fano, 427 U.S. 215, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976). Accordingly, the Supreme Court has found no constitutionally based liberty interest in the involuntary transfer of a prisoner to a different facility. See Montanye v. Haymes, 427 U.S. 236, 96 S.Ct. 2543, 49 L.Ed.2d 466 (1976). . . .

<u>Barfield v. Brierton</u>, 883 F.2d 923, 936 (11th Cir. 1989). This Court will not interfere with the day-to-day decision-making of the prison officials concerning the housing assignments of inmates as that is the type of decision which typically is made by prison administrators with the expertise to make these decisions, taking into account the safety and security of the prison staff and inmates.

In the alternative, it appears that Plaintiff may be requesting that this Court grant an injunction in aid of its jurisdiction. Based on the record before the Court, the Court has not been prevented from exercising its jurisdiction. Thus, there is no need for the Court to grant an injunction in aid of its jurisdiction.

For all of the above-stated reasons, Plaintiff's request for injunctive relief will be denied. Therefore, it is now

**ORDERED**:

Plaintiff's September 6, 2005, request for a Temporary Emergency Injunction (Doc. #13) is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida, this 7th day of September, 2005.

ps 9/7

c:

Lee Paul Davis

Assistant Attorney General Wendy Benner-Leon

JOHN H. MOORE II
United States District Judge

5